UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRIS GRAHAM, | : |
| Plaintiff, | : Case No. 23-13097 (BRM)(JSA) |
| v. | : MEMORANDUM AND ORDER |
| SWAT TEAM, *et. al.*, | : |
| Defendants. | : |

Before the Court is *pro se* plaintiff Chris Graham's ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1). Based on his affidavit of indigence (ECF 1-1), the Court grants him leave to proceed IFP and orders the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

Plaintiff is currently housed at Hudson County Correctional Facility ("HCCF"), in Kearny, New Jersey. Plaintiff brings this civil rights action, pursuant to 24 U.S.C. § 1983, against multiple Defendants.[1]

---

[1] Plaintiff names three different groups of defendants. Plaintiff names the following law enforcement Defendants: (1) SWAT Team Officer ("John Does SWAT team member"); (2) Detective Thorton; (3) Francine Cifuentes; and (4) Detective Jones. Plaintiff names the following medical Defendants: (1) Maxim Casas; (2) Herbert Smyczek; and (3) Michael Dantico (hereinafter, "Medical Defendants"). Finally, Plaintiff names the following HCCF administrative Defendants: (1) Abraham Antun; (2) Oscar Aviles; (3) Sharonda Murrell; (4) Becky Scott; and (5) Thomas A. Degise (hereinafter, "Administrative Defendants"). (*See* ECF No. 1.)

The Complaint alleges in that, August 2021, Hudson County SWAT team entered Plaintiff's hotel room to serve an arrest warrant on him. (*Id.* at 5.) Plaintiff states he is confined to a wheelchair and Defendant John Doe SWAT team member lifted him up by his arms and placed him in his wheelchair. (*Id.* at 5-6.) Plaintiff alleges the Defendant John Doe SWAT team member then placed him in the back of a police car without securing Plaintiff by a seat belt. (*Id.* at 6). Plaintiff claims Defendant John Doe SWAT team member drove erratically to the police headquarters, causing Plaintiff to fall and hit his head. (*Id.*) Plaintiff also alleges the officers broke his wheelchair. (*Id.*) Plaintiff claims Defendants Thorton and Jones then "bounced" him down the stairs, where they placed him in a police car and transported him to HCCF. (*Id.*) Plaintiff alleges since his arrival at HCCF he has not received proper care from the Medical Defendants. (*Id.* a 6-7.) Plaintiff claims the Medical Defendants failed to fix his wheelchair, causing him to experience pain and bed sores, and failed to provide him with the proper supplies to urinate. (*Id.*) Finally, Plaintiff submits the Administrative Defendants did nothing to help him when he addressed the problem. (*Id.*)

The Court has screened the Complaint and determined that Plaintiff's § 1983 claims of Fourteenth Amendment unconstitutional punishment and excessive force against Defendant John Doe SWAT team member shall proceed. Plaintiff premises these claims on the allegation that Defendant John Doe SWAT team member placed Plaintiff, a man who requires a wheelchair for mobility, in the back of a police car, failed to secure his seat belt and drove erratically, causing Plaintiff to fall and hit his head. (*Id.* at 6.)

Plaintiff's Fourteenth Amendment unconstitutional punishment and excessive force claims against Defendants Thorton and Jones are dismissed without prejudice. The Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*,

399 F.3d 150, 166 (3d Cir. 2005). To establish a basis for a Fourteenth Amendment violation, a detainee must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). Unconstitutional punishment typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citation omitted). In general, a detainee must establish that the defendants acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *Cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)). To state an excessive force claim under the Fourteenth Amendment Due Process Clause, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 194 (3d Cir. 2021) (citations omitted). The only allegation against Defendants Thorton and Jones are they "bumped" Plaintiff down the steps and lifted him by his arms to place him in the police car. The facts alleged do not support a Fourteenth Amendment deliberate indifference or excessive force claim. Plaintiff fails to allege any facts to show Defendants Thorton and Jones actions were sufficiently serious or unreasonable. Therefore, Plaintiff's claims against Defendants Thorton and Jones are dismissed without prejudice.

Plaintiff's Complaint against the Administrative Defendants is dismissed without prejudice. The Complaint names the Administrative Defendants but fails to allege particular facts against each of them. (*Id.* at 5-7.) Petitioner makes a conclusory allegation that these individuals

did not nothing to help him. (*Id.* at 7.) At most, the Court construes Plaintiff's Complaint to assert a claim for supervisory liability against the Administrative Defendants.

A plaintiff may establish supervisory liability under § 1983 by showing:

> (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation and (2) personal liability based on the supervisor participating in the violation of the [p]laintiff's rights, directing others to violate the [p]laintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct.

*Doe v. N.J. Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Only those defendants whose inactions or actions personally caused [plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode*, 845 F.2d at 1207.

> [T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice.

*Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

In the Complaint, Plaintiff does not identify a specific policy or practice that created an unreasonable risk of a constitutional injury. Rather, Plaintiff makes a vague accusation that the Administrative Defendants failed to help him. Plaintiff does not allege any facts that would show

4

these Defendants had knowledge of the alleged lack of medical treatment Plaintiff was receiving. While Plaintiff submits that he filed grievances, a claim that grievances were sent to an administrator are generally insufficient to establish supervisory liability, absent a plausible allegation that the supervisor had contemporaneous knowledge of the incident and either directed or acquiesced in it. *See, e.g.*, *Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (affirming dismissal of claims against warden and others, based on allegation they had received grievances, stating, "Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews."); *Butler v. Penchishen*, No. 22-CV-3252, 2022 WL 4473590, at *4 (E.D. Pa. Sept. 26, 2022) ("To the extent Butler is attempting to connect any of the individual Defendants to these events based on his allegation that he either filed grievances or wrote them letters, such allegations are unclear and, in any event, would not establish the requisite personal involvement to establish liability."). Therefore, Plaintiff has failed to state a claim under § 1983 for supervisory liability and Plaintiff's claims against the Administrative Defendants are dismissed without prejudice.

Plaintiff's Complaint against the Medical Defendants is dismissed without prejudice. Plaintiff alleges these Defendants failed to fix his wheelchair and failed to provide him with medical treatment since his arrival at HCCF. (ECF No. 1 at 6-7.) This type of group pleading is prohibited. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297 at *2 (D.N.J. June 29, 2015) (citing *Aruanno v. Main*, 467 F. App'x 134, 137–38 (3d Cir. 2012) (dismissing a § 1983 action was appropriate where defendants were collectively sued as "[government] personnel" and failed to allege the personal involvement of the individual defendants)). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When a number

of defendants are named in a complaint, a plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." *Falat v. Cnty. of Hunterdon*, No. 12-6804, 2013 WL 1163751 at *3 (D.N.J. Mar. 19, 2013). A complaint that contains "impermissibly vague group pleading" will be dismissed. *Id.* at *11. Plaintiff submits the same claim against all three Medical Defendants without alleging facts to show personal involvement. These vague and conclusory allegations that these Defendants failed to provide medical care do not plead facts sufficient to state a claim against each Medical Defendant. Therefore, Plaintiff's claims against the Medical Defendants are dismissed without prejudice.

Regarding Defendant Detective Francine Cifuentes, Plaintiff fails to plead facts to show this Defendant had personal involvement in the claims alleged. Plaintiff names Defendant Cifuentes as a Defendant in the defendants section of the Complaint and notes that Defendant Cifuentes failed to investigate the crime that he was wrongly accused of and did not allow him to use the bathroom. However, in the statement of facts Plaintiff fails to allege which if any facts alleged pertain to Defendant Cifuentes. *Rode*, 845 F.2d at 1207 ("a defendant in a civil rights action must have personal involvement in the alleged wrongs.") As such, any claim against Defendant Ciefuentes is dismissed without prejudice.

Accordingly, and for good cause appearing,

**IT IS** on this 2nd day of November 2023,

**ORDERED** Plaintiff's IFP application (ECF No. 1-1) is **GRANTED**; and it is further

**ORDERED** the Complaint shall be **FILED**; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of Hudson County Correctional Facility and it is further

**ORDERED** Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** Plaintiff's Fourteenth Amendment unconstitutional punishment and excessive force against Defendant John Doe SWAT team member shall **PROCEED**; it is further

**ORDERED** Plaintiff's remaining claims and Defendants are **DISMISSED without prejudice**, 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** Plaintiff shall complete the form for each Defendant and return them to the Clerk of Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102; and it is further

**ORDERED** upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshall shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of services advanced by the United States; and it is further

**ORDERED** Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** the Clerk of the Court shall serve Plaintiff with copies of this Order and the accompanying Opinion via regular mail.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**